UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWARD KOELLER and KEVIN CHEEK,
individually and on behalf of all others
similarly situated,

     Plaintiffs,

    -v-       1:22-cv-675

NUMRICH GUN PARTS
CORPORATION,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING CLASS NOTICE

On October 6, 2021, named plaintiffs Edward Koller and Kevin Cheek ("plaintiffs") filed this putative class action against defendant Numrich Gun Parts Corporation ("Numrich" or "defendant") alleging that defendant failed to properly protect their sensitive information from disclosure arising from a data breach. Dkt. No. 1.

On December 16, 2022, Numrich moved to dismiss plaintiffs' complaint. Dkt. No. 26. The motion was granted in part and denied in part. *Koeller v. Numrich Gun Parts Corp.*, --F. Supp. 3d--, 2023 WL 3591176 (N.D.N.Y. May

23, 2023).  Thereafter, the parties notified the Court that they had reached a settlement agreement.  Dkt. No. 35.

On November 22, 2023, plaintiffs moved under Federal Rule of Civil Procedure ("Rule") 23 for: (1) preliminary approval of the proposed class action settlement; (2) preliminary approval of plaintiffs as class representatives and their counsel as class counsel; (3) preliminary approval of the proposed class notice; and (4) an Order scheduling a Final Approval Hearing.  Dkt. No. 37.  The motion is unopposed.  *See id.*

Upon consideration of plaintiffs' memorandum of law and the supporting documentation in light of the governing law, it is

ORDERED that

1.  Plaintiffs' unopposed motion for preliminary approval of the class action settlement is GRANTED;

2.  Preliminary approval of the Settlement Agreement is GRANTED;

3.  For settlement purposes only, the following Settlement Class is CERTIFIED pursuant to the Settlement Agreement and Rule 23(e):

> All persons who were sent written notification by Defendant that their Private Information was potentially compromised as a result of the Data Incident discovered by Defendant in or around April 2022.

4.  Specifically excluded from the Settlement Class are:

(i) Defendant, the Related Entities, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

5. Pursuant to Rule 23(e)(1), the Court FINDS that giving notice is justified;

6. The Court FINDS that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate;

7. The Court FINDS that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3);

8. The Court FINDS for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the

Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation;

9.  The Court FINDS that Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and should be APPOINTED as Class Representatives;

10.  The Court FINDS that Raina Borrelli and Alex Phillips of the law firm Turke & Strauss LLP will likely satisfy the requirements of Rule 23(e)(2)(A) and should be APPOINTED as Class Counsel pursuant to Rule 23(g)(1);

11.  Upon preliminary review, the Court FINDS that the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily APPROVED.  In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for

distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law;

12.   The Court has subject matter jurisdiction pursuant to 28 U.S.C.§ 1332(d)(2) and personal jurisdiction over the parties before it.  Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b);

13.   A Final Approval Hearing shall be held on May 30, 2024, in Utica, New York, where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Rule 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Rule 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Rule 23(h); and (f) the application of the Class Representatives for Service Awards should be approved;

14.   The Court APPOINTS Angeion Group as the Claims Administrator, with responsibility for class notice and settlement administration.  The

Claims Administrator is DIRECTED to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement;

15. The proposed notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as Exhibits A, B, and C are hereby APPROVED. Non-material modifications to these Exhibits may be made by the Claims Administrator in consultation and agreement with the Parties, but without further order of the Court;

16. The Court FINDS that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Rule 23(c); and (e) and meet the requirements

of the Due Process Clause(s) of the United States and New York Constitutions;

17. The Court FINDS that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members;

18. The Claims Administrator is DIRECTED to carry out the Notice program in conformance with the Settlement Agreement;

19. Within ten (10) days after the filing of this Settlement Agreement with the Court, the Claims Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b);

20. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator in the manner provided in the Notice. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) days from the date on which notice program commences pursuant to ¶ 3.2(d) in the Settlement Agreement, and as stated in the Notice. If Defendant voids the Settlement

Agreement according to its terms, Defendant will be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Class Counsel and the Service Award to the Class Representatives and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.  Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").  If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment.  All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement;

21.  A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice.  The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court and to mail copies to Class Counsel and

Defendant's counsel.  The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Date."  Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years.  To be timely, written notice of an objection in the appropriate form must contain the case name and docket number and must be filed with the Clerk of Court by the Objection Date, which is no later than sixty (60) days from the date on which

notice program commences pursuant to ¶ 3.2(d) in the Settlement

Agreement, and served concurrently therewith upon Class Counsel and

Defendant's Counsel, postmarked by the Objection Date, established by this

Preliminary Approval Order and as stated in the Notice.  Any Settlement

Class Member who fails to comply with the requirements for objecting shall

waive and forfeit any and all rights he or she may have to appear separately

and/or to object to the Settlement Agreement, and shall be bound by all the

terms of the Settlement Agreement and by all proceedings, orders, and

judgments in the Litigation.  The provisions stated in ¶ 5.1 of the Settlement

Agreement be the exclusive means for any challenge to the Settlement

Agreement.  Any challenge to the Settlement Agreement, the final order

approving this Settlement Agreement, or the Final Order and Judgment to be

entered upon final approval shall be pursuant to appeal under the Federal

Rules of Appellate Procedure and not through a collateral attack;

22.  Settlement Class Counsel and Defendant have created a process for

Settlement Class Members to claim benefits under the Settlement.  The

Court preliminarily APPROVES this process and DIRECTS the Claims

Administrator to make the Claim Form or its substantial equivalent

available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims

process.  Settlement Class Members who qualify for and wish to submit a

Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form.  If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein;

23.  This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (c) there is no Effective Date. In such event, (i) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any

purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*;

24.  This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability.  Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit;

25.  The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator.  The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class;

26.  All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby STAYED.  Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby ENJOINED and STAYED pending Final Approval of the Settlement Agreement; and

27.  The Court ORDERS the following schedule of dates for the specified actions/further proceedings:

| **Event** | **Deadline** |
|---|---|
| Defendant Will Serve or Cause to Be Served CAFA Notice, Per 28 U.S.C. § 1715(b) | No Later Than 10 Days After Settlement Agreement Is Filed with Court |
| Defendant Provides Class Member Information to Claims Administrator | Within 14 Days of Entry of Preliminary Approval Order |
| Deadline For Claims Administrator to Begin Sending Short Form Notice (By First Class USPS Mail) | Within Forty-Five (45) Days of Entry of Preliminary Approval Order (the "Notice Commencement Date") |
| Motion for Attorneys' Fees, Costs, Expenses, and Service Award to Be Filed by Settlement Class Counsel | At Least 14 Days Prior To Opt-Out/ Objection Dates |
| Opt-Out/Objection Date Deadlines | 60 Days After Notice Commencement Date |
| Claims Administrator Provides Parties With List of Timely, Valid Opt-Outs | 7 Days After Opt-Out Dates |
| Claims Deadline | 90 Days After Notice Commencement Date |
| Motion For Final Approval to Be Filed By Class Counsel | At Least 14 Days Prior To Final Approval Hearing |
| Final Approval Hearing | May 30, 2024<br>No Earlier Than 160 Days After Entry Of Preliminary Approval Order |

IT IS SO ORDERED.


Dated:  December 20, 2023
        Utica, New York.

David N. Hurd
U.S. District Judge